IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BERARDI, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 09-137 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge _____ |
| FRANCISCO J. QUINTANA, | ) | Magistrate Judge Baxter |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that Petitioner John Berardi's *Request for Temporary and Permanent Inunction* [Docket No. 2] be denied.

**II.   REPORT**

**A.**

On June 28, 2007, the United States District Court for the Northern District of New York sentenced Berardi to forty-one months' imprisonment for *Conspiracy to Possess With Intent To Distribute and Distribution of Marijuana*, in violation of 21 U.S.C. § 846.  He is currently incarcerated at the Federal Prison Camp McKean, which is located in Bradford, Pennsylvania.  His sentence is scheduled to expire on May 12, 2010, assuming he receives all good conduct time available to him.

The Bureau of Prisons (the "Bureau") has advised Berardi that he will be pre-released to a Residential Reentry Center ("RRC")[1] six months before his sentence expires.  Berardi believes he should serve more of the end of his sentence at a RRC.  On June 11, 2009, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks an order from this Court

---

[1]   RRCs formerly were known as Community Corrections Centers or halfway houses.

1

directing the Bureau to immediately reconsider him for the maximum amount of RRC placement available to him under the law. [Docket No. 1 at 4, 22]. The United States Marshals has been ordered to serve the petition upon Respondents and the response is due within 20 days of service. [Docket No. 4].

Berardi also has filed a motion he entitled *Request for Temporary and Permanent Inunction*. [Docket No. 2]. In that motion, he seek immediate habeas relief because he is already within the time period in which he contends he should have been transferred to a RRC.

**B.**

18 U.S.C.§ 3624 describes the Bureau's obligation to prepare inmates for community reentry by, *inter alia*, designating them to a RRC at the end of the term of imprisonment. Prior to April 9, 2008, that statute capped RRC placement for pre-release purposes to a maximum of six months. The Second Chance Act of 2007 (the "SCA"), PL 110-199 (effective on April 9, 2008) amended § 3624 to allow for a maximum of twelve months of pre-release RRC placement.[2]

On or around June 12, 2008, Berardi's Unit Team evaluated him for pre-release placement in a RRC. It recommended that he be pre-released to a RRC six months before his sentence expires. Berardi filed two unsuccessful administrative appeals of this decision.[3] (See *1/9/09 Central Office Administrative Remedy Response* and *5/15/09 Regional Director's Administrative Appeal Response*, attached as Ex. 4 to Docket No. 1).

On or around June 11, 2009, Berardi filed his petition for writ of habeas corpus with this Court, along with the instant motion for injunctive relief. In the petition, Berardi asserts that the

---

[2] The Bureau recently has revised its regulations regarding pre-release RRC placement to conform with the requirements of the SCA. See 73 Fed.Reg. 62441 (Oct. 21, 2008); 74 Fed.Reg. 1896 (Jan. 14, 2009). On October 21, 2008, it revised 28 C.F.R. § 570.21 to provide that: "Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed *twelve months*." (Emphasis added). Moreover, by way of a revision effective March 16, 2009, the Bureau removed a parenthetical reference in 28 C.F.R. § 550.54(a)(1)(ii) that stated that the maximum period of time allowable in a RRC is 180 days. See 74 Fed.Reg. 1896 (Jan. 14, 2009).

[3] At the time that Berardi filed his petition for writ of habeas corpus, his second administrative appeal was pending before the Bureau's Central Office. For the purposes of resolving the instant motion for injunctive relief only, the Court will assume without deciding that his first administrative appeal sufficiently exhausted his habeas claims.

Bureau is ignoring the mandates of the SCA and is instead following a policy of not awarding any inmate more than six months pre-release at a RRC.  He contends that no inmate in the Northeast Region has been awarded more than six months of RRC placement.  [Docket No. 1 at 12].  He also directs the Court to an April 14, 2008, Guidance Memorandum issued by the Bureau that he claims expresses the Bureau's alleged policy to limit all inmates to a maximum of six months RRC placement.  That Guidance Memorandum requires the Regional Director's approval before an inmate may receive more than six months of pre-release placement in a RRC.  [Docket No. 1 at 9 (quoting *4/14/08 Guidance Memorandum*)].

Berardi raises three claims in his habeas petition.  First, he claims the Bureau's alleged policy of limiting all inmates to a maximum of six months of RRC pre-release placement is "arbitrary and capricious," in violation of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706(2)(A).[4]  Second, Berardi claims that the Bureau's alleged policy is violating the express terms of the SCA and its own regulations.  Finally, he claims that the Bureau is violating the *Ex Post Facto* Clause.  As noted above, Berardi seeks an order from this Court directing the Bureau to immediately reconsider him for the maximum amount of RRC placement he could receive under the law.  In his accompany motion for an injunction [Docket No. 2], he requests that he be awarded that relief immediately.

## C.

Although Berardi has styled his pending motion as a request for injunctive relief, in actuality he is moving for expedited review of his habeas claims and the immediate award of the relief he requests in his petition.  His request for expedited review and immediate relief should be denied.  Respondents should be given the normal time to prepare a response to the allegations made in the petition, and the petition will be decided in due course upon receipt and review of their response.

Further, Berardi has not shown that this is a case where immediate injunctive relief is

---

[4] The APA provides that "a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

3

warranted. In determining whether to grant injunctive relief, the Court must consider a number of factors, including of course whether the movant will be irreparably harmed by the denial of such relief. See, e.g., Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The United States Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is *irreparable; mere injury, even if serious or substantial, is not sufficient*." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976) (emphasis added). It is Berardi's burden to show irreparable harm, Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000), and he has not met that burden here. At the present time, he is scheduled to spend the last six months of his sentence at a RRC. Although he wants to spend more time there, he has not demonstrated why he would be irreparably injured if he does not.

### III.  CONCLUSION

For all of the foregoing reasons, it is recommended that Berardi's motion for injunctive relief [Docket No. 2] be denied. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4(B), Berardi is allowed 10 days from the date of service to file written objections to this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

> S/ Susan Paradise Baxter
> SUSAN PARADISE BAXTER
> U.S. Magistrate Judge

Dated: July 20, 2009