# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BERARDI, ) | |
| ) | |
| Petitioner, ) | C.A. No. 09-137 Erie |
| ) | |
| v. ) | |
| ) | **District Judge Sean J. McLaughlin** |
| FRANCISCO J. QUINTANA, ) | **Magistrate Judge Susan Paradise Baxter** |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is recommended that Petitioner John Berardi's Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2241, be dismissed as moot.

**II.   REPORT**

    **A.   Background**

On June 28, 2007, the United States District Court for the Northern District of New York sentenced Berardi to forty-one months' imprisonment for Conspiracy To Possess With Intent To Distribute and Distribution of Marijuana, in violation of 21 U.S.C. § 846. He is currently incarcerated at the Federal Correctional Institution, McKean ("FCI McKean"). His term of imprisonment is scheduled to expire on May 12, 2010, assuming he receives all good conduct time available to him.

Two statutes are relevant to this case: 18 U.S.C.§ 3621(b) and 18 U.S.C.§ 3624(c). The Bureau has the authority to designate an inmate's place of imprisonment pursuant to § 3621(b). In making its designation decision, the statute requires that the Bureau consider: (1) **the resources of the facility contemplated**; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy

statement by the Sentencing Commission.  18 U.S.C. § 3621(b)(1)-(5) (emphasis added).

18 U.S.C. § 3624(c) describes the Bureau's obligation to prepare inmates for community reentry by, *inter alia*, designating them to a Residential Re-Entry Center ("RRC") (formerly known as halfway houses) at the end of the term of imprisonment.  Prior to April 9, 2008, that statute capped RRC placement for pre-release purposes to a maximum of six months.  The Second Chance Act of 2007 (the "SCA"), PL 110-199 (effective on April 9, 2008) amended § 3624 to allow for a maximum of twelve months of pre-release RRC placement.  Section 3624(c) has always provided the Bureau with the discretion to determine whether and how long an inmate is to be pre-released to an RRC.  The Bureau retains this discretion under the SCA, provided such pre-release confinement is practicable and the Bureau considers § 3621(b)'s factors.  18 U.S.C.§ 3624(c) (as amended by the SCA).  The SCA does not mandate a particular method or procedure that the Bureau must follow when making RRC referrals, as long as the criteria set forth at § 3621(b) are considered.

On or around June 11, 2009, Berardi filed his petition for writ of habeas corpus with this Court.  He contended that the Bureau is ignoring the mandates of the SCA and is instead following a policy of not awarding any inmate more than six months pre-release at an RRC.  [Docket No. 1 at 12].  He raised three claims.  First, he claimed the Bureau's alleged policy of limiting all inmates to a maximum of six months of RRC pre-release placement is "arbitrary and capricious," in violation of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 706(2)(A).  Second, Berardi claimed that the Bureau's alleged policy is violating the express terms of the SCA and its own regulations.  Finally, he claimed that the Bureau is violating the *Ex Post Facto* Clause.  As relief, Berardi sought an order from this Court directing the Bureau to immediately reconsider him for the maximum amount of RRC placement he could receive under the law.

On October 21, 2009, Respondents filed a *Response To Petition For Writ Of Habeas Corpus And/Or Notice Of Suggestion Of Mootness*.  [Docket No. 13].[1]  It was explained therein that in early October 2009, Berardi's Unit Team re-evaluated him for RRC placement and determined that he was appropriate for the maximum period of RRC placement available.  (Ex. 2,

---

[1] All "Ex." citations are to those documents attached to the *Response*.

Paragraphs 12-13 of the Declaration of Ann Miller, hereinafter "Miller Decl.")  On October 9, 2009, FCI McKean's Warden, Francisco J. Quintana, sent a memorandum to the Bureau's Northeast Regional Director requesting that Berardi be approved for maximum RRC placement.  (Ex. 2n, *10/9/09 Memorandum*; see also Ex. 2o, *10/9/09 Amended RRC Referral Form*).

On October 13, 2009, the Regional Director approved FCI McKean's request to consider Berardi for maximum RRC placement pending available bedspace at the appropriate RRC.  (See Ex. 2p, *10/9/09 Memorandum with handwritten notation from the Regional Director*).  On October 13, 2009, FCI McKean forwarded an RRC referral pack to the Community Corrections Manager so that an RRC placement could be arranged.  (Miller Decl. ¶ 14).  On or around October 16, 2009, FCI McKean was informed that based upon available bedspace, the earliest date that Berardi could commence his RRC placement is November 19, 2009.  (Id.)  This decision was made in accordance with 18 U.S.C. § 3621(b)(1), which, as set forth above, requires the Bureau to consider "the resources of the facility contemplated" in designating the place of an inmate's imprisonment.

Berardi has been approved for an RRC placement commencing on November 19, 2009, in Syracuse, New York.  (Ex. 1f, *Inmate Profile*).  Assuming that Berardi's projected release date of May 12, 2010, does not change, he will serve approximately 172 days of his sentence in an RRC prior to his release.  Although that is less than the amount of time that he was seeking, it is the maximum amount available to him at the present time.

**B.     Discussion**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009), *cert. denied* — S.Ct. —, 2009 WL 1402275 (Oct. 20, 2009).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit."  Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).  Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot.  Burkey, 556

F.3d at 147 (citing Spencer, 523 U.S. at 7).

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8 (quoting Lewis, 464 U.S. at 477); Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedies by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Berardi has not asserted that there is a collateral injury present in this case.

Berardi has been approved for the maximum RRC placement that is presently available to him and there is no additional relief that this Court can provide. He no longer has the requisite "personal stake" in the outcome of the litigation. Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## III.   CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot. In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed 10 days from the date

of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have 10 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

Dated: October 29, 2009